JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **EUGENE HOFFMAN,** | ) Case No.: SACV 23-00475-CJC (JDEx) |
| **Plaintiff,** | ) |
| v. | ) **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** *et al.*, | ) |
| **Defendants.** | ) |

In this case, Plaintiff Eugene Hoffman asserts a claim against Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, TransUnion, LLC, and Nationstar Mortgage LLC for violation of the Fair Credit Reporting Act in relation to alleged "inaccurate, misleading, or incomplete reporting of Plaintiff's mortgage with Nationstar Mortgage LLC."  (Dkt. 1 [Complaint] ¶ 2.)  Plaintiff settled with Experian, and Equifax, Transunion, and Nationstar filed answers.  (Dkts. 19, 22, 23, 26.)

In its May 5, 2023 Notice of Intent, the Court ordered the parties to file a report of their early meeting of counsel in accordance with Federal Rule of Civil Procedure 26(f) ("Rule 26(f)") and Local Rule 26-1 by June 29, 2023.  (Dkt. 21.)  The parties did not file their report by the deadline.

Accordingly, on July 6, 2023, the Court ordered Plaintiff to show cause in writing by July 10, 2023 why the case should not be dismissed for lack of prosecution.  (Dkt. 30.)  The Court reminded Plaintiff that it is his responsibility to prosecute this case diligently.  (*Id.*)  The Court stated that an appropriate response to the OSC would be filing a joint 26(f) report or filing a notice of voluntary dismissal as to all Defendants.  (*Id.*)  It also admonished that "[f]ailure to respond to this Order may result in dismissal."  (*Id.*)

Now, days after the response to the OSC was due, and two weeks after the Rule 26(f) report was due, Plaintiff has not filed a Rule 26(f) report, responded to the Court's OSC, or taken any other action in this case.  The Court therefore concludes that he no longer wishes to prosecute the case.

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, these factors support dismissal due to Plaintiff's failure to prosecute the case and comply with the Court's OSC.  As to the first factor, "[t]he public's interest in

expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. A Rule 26(f) report is "essential to the prosecution of [a] lawsuit," and when parties fail to file them, they are able "to control the pace of the docket rather than the Court." *Glair v. City of Los Angeles*, 2014 WL 12933137, at *4 (C.D. Cal. Feb. 19, 2014) (refusing to discharge order to show cause for lack of prosecution when the plaintiff "has still not arranged to file a Rule 26(f) report); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification).

As to the third factor, the risk of prejudice to defendants is neutral given that defendants were supposed to participate in creating and filing the Rule 26(f) report. Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff's failure to file a Rule 26(f) report and respond to the Court's OSC by the Court's deadlines undermines the strength of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. This factor is also neutral.

Finally, the Court has attempted less drastic alternatives, but they have failed. "[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262; *see Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior

order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."). The Court warned Plaintiff that his failure to respond to the OSC would result in dismissal. (Dkt. 30.)

Taken together, the relevant factors weigh in favor of dismissal. *Cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). Indeed, courts regularly dismiss cases for failure to timely file a Rule 26(f) report after a plaintiff fails to respond to an order to show cause regarding dismissal for lack of prosecution. *See, e,g.*, *Leticia Denise Perez v. Target Corp., et al.*, 2023 WL 4291485, at *1 (C.D. Cal. May 9, 2023) ("The deadline for the parties to respond to the OSC was May 1, 2023. As of May 8, 2023, neither party has responded to the OSC, and a Joint Rule 26(f) Report has not been filed. . . . Accordingly, the action is DISMISSED *without prejudice*.") (emphases removed); *Cortez v. Cnty. of Los Angeles*, 2017 WL 11636673, at *1 (C.D. Cal. Nov. 1, 2017) (denying motion to set aside dismissal for lack of prosecution for failure to file proper rule 26(f) report); *see also Glair*, 2014 WL 12933137, at *4 (refusing to discharge order to show cause for lack of prosecution when the plaintiff "has still not arranged to file a Rule 26(f) Joint Report, which is essential to the prosecution of this lawsuit"); *Reed v. Wells Fargo Bank, N.A.*, 2022 WL 1843131, at *1 (C.D. Cal. Apr. 21, 2022) (admonishing that if the plaintiff failed to submit a Joint Rule 26(f) report within twenty-one days, "the Court will dismiss his complaint with prejudice for lack of prosecution"); *Kizler v. Budget Fin. Co.*, 2020 WL 4037175, at *3 (C.D. Cal. May 5, 2020) ("The parties are further ORDERED to file a joint Rule 26(f) report on or before May 11, 2020 at 12:00PM or the matter will be dismissed for lack of prosecution.") (emphases removed).

Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and for failure to comply with the Court's OSC.

DATED: July 13, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE